UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **VINCENT TORRE JR.,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:25-cv-00118-NT |
| | ) |
| **STATE OF MAINE,** | ) |
| | ) |
| Defendant | ) |

### RECOMMENDED DISMISSAL

In his pro se complaint, Vincent Torre Jr. brings various claims against the State of Maine and asks this Court to, among other things, dismiss state criminal cases pending against him, declare his bail conditions void, restore his parental rights, and award him $100,000 in damages. *See* Complaint (ECF No. 1). Torre did not pay the filing fee or file an application to proceed *in forma pauperis* (IFP).

Rather than give Torre the usual additional time to pay the filing fee or file an IFP application, I recommend that the Court exercise its inherent authority and **DISMISS** Torre's complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt that they would have power to do so even in the absence of this statutory provision."). This Court cannot interfere with ongoing state criminal cases or custody proceedings, and the State of Maine is immune from liability under the doctrine of sovereign immunity. *See In re Justices of the Superior Ct. Dep't of the Mass. Trial Cts.*, 218 F.3d 11, 16 (1st Cir. 2000) (noting that the

*Younger* abstention doctrine prevents federal courts from interfering with ongoing state criminal proceedings "even where defendants claim violations of important federal rights"); *Wales v. Merrinvil*, No. 2:24-cv-00338-NT, 2024 WL 4380195, at *2 (D. Me. Oct. 3, 2024) (rec. dec.) (noting that federal courts lack jurisdiction over actions pertaining to parental rights), *aff'd*, ECF No. 8 (D. Me. Oct. 23, 2024); *Parente v. Lefebvre*, 122 F.4th 457, 461-62 (1st Cir. 2024) ("The Eleventh Amendment generally bars suits against states and state officials in federal court." (cleaned up)).

## NOTICE

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 1, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge